UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

C. N. GUERRIERE, M.D., P.A.,
(Patricia Hayes)

                        Plaintiff,

vs.                                               Case No. 8:07-CV-1443-T-27MAP

AETNA HEALTH, INC.,

                        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Remand (Dkt. 3) and Defendant's Response in opposition (Dkt. 10).[1] Plaintiff originally filed this case in the small claims court in and for Hillsborough County, Florida, pursuant to Fla. Stat. § 641.513.[2] Plaintiff seeks reimbursement of $1,408.44 plus interest, for emergency medical treatment provided to Patricia Hayes, a subscriber of Defendant ("AETNA"). Defendant removed this case to federal court based

---

[1] The issues raised are identical to those raised in Case No. 07-cv-1441-T-27-MAP.

[2] Florida Statute § 641.513 provides, in pertinent part:

    (3)(a) When a subscriber is present at a hospital seeking emergency services and care, the determination as to whether an emergency medical condition . . . exists shall be made, for the purposes of treatment, by a physician of the hospital or, to the extent permitted by applicable law, by other appropriate licensed professional hospital personnel under the supervision of the hospital physician. . . . The health maintenance organization shall compensate the provider for the screening, evaluation, and examination that is reasonably calculated to assist the health care provider in arriving at a determination as to whether the patient's condition is an emergency medical condition. The health maintenance organization shall compensate the provider for emergency services and care.
    (5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
        (a) The provider's charges;
        (b) The usual and customary provider charges for similar services in the community where the services were provided; or
        (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.
    Such reimbursement shall be net of any applicable copayment authorized pursuant to subsection (4).

-1-

on federal question jurisdiction, contending that Plaintiff's claim is preempted by ERISA. Plaintiff contends that its claim does not relate to an ERISA plan, maintaining that it seeks damages pursuant to §641.513 which was enacted to expressly benefit emergency medical providers who are not participants in a HMO health plan.[3]

Plaintiff's Motion to Remand is GRANTED. Plaintiff's state law claim is not subject to complete preemption by ERISA because its statutory claim does not seek relief available under 29 U.S.C. § 1132(a) and because Plaintiff does not have standing under Section 502(a), ERISA. 29 U.S.C. § 1132.[4]

## DISCUSSION

Removal statutes are construed narrowly. When a plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Federal courts are courts of limited jurisdiction. There is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001)(citing *Burns v. Windsor Ins. Co.,* supra).

### Complete Preemption by ERISA

Federal courts have subject-matter jurisdiction over state-law claims that have been preempted by ERISA. *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir. 1999). AETNA's removal of Plaintiff's state law claim was therefore proper if ERISA has

---

[3] Including this case, AETNA removed eight cases Plaintiff filed in state court. All eight have been or will be remanded. *See*: 07cv1439, 07cv1440, 07cv1441, 07cv1442, 07cv1443, 07cv1444, 07cv1449 and 07cv1456.

[4] This Court's conclusion that ERISA does not completely preempt Plaintiff's state court claim filed pursuant to Fla. Stat. § 641.513 is consistent with *Rodriquez v. Avmed, Inc.,* 2003 WL 1937194 (S.D. Fla. 2003) and the reasoning of *Sheridan Healthcorp., Inc. v. Neighborhood Health Partnership, Inc.,* 459 F.Supp. 1269 (S.D. Fla. 2006).

completely preempted Plaintiff's statutory cause of action against AETNA for reimbursement for emergency medical services provided to AETNA's subscriber. There is complete preemption over a state law claim when four elements are satisfied: (1) the existence of a relevant ERISA "plan," (2) the plaintiff has standing to sue under the plan; (3) the defendant is an ERISA entity; and (4) the complaint seeks relief akin to what is available under 29 U.S.C. § 1132(a). *Id.* As will be discussed, Plaintiff's statutory cause of action does not seek relief available under 29 U.S.C. § 1132(a) and Plaintiff lacks standing to bring an action under AETNA's plan. It is therefore unnecessary to determine whether AETNA's plan is a qualified ERISA plan and whether AETNA is an ERISA entity.[5]

With respect to whether state law claims are subject to ERISA preemption, preemption occurs only when the "plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d at 1211 (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1330 (11th Cir. 1998)). In other words, § 1132(a) provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan and therefore state law claims seeking relief available under §1132(a) will be re-characterized as ERISA claims arising under federal law. *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

Plaintiff's claim is brought pursuant to Fla. Stat. § 641.513(5). That statute creates a private cause of action in favor of emergency medical providers such as Plaintiff, against HMOs, without

---

[5] ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). ERISA regulates two types of benefit programs that may be offered to employees, pension plans and welfare plans. *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990). A "relevant ERISA plan" is established "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)).

regard to whether the provider is a participant in the HMO's health plan. *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1197 (Fla. 4th DCA 2006). The statute was intended by the Florida legislature "to protect not only subscribers, but also non-participating providers." *Id.* Simply put, the statute is expreesly disconnected from the terms and provisions of any particular ERISA plan, as it mandates reimbursement to non-participating emergency medical providers. Similar relief is unavailable under ERISA.

An aggrieved emergency medical provider like Plaintiff, who is not a participant in a HMO plan, must rely on Fla. Stat. § 641.513 for reimbursement, since under ERISA, only a plan participant or beneficiary of a plan may bring suit "to recover benefits due . . . under the terms of his plan. . . ." 29 U.S.C. § 1132(a)(1)(B); *Kemp v. International Business Machines Corp.*, 109 F.3d at 712. Plaintiff is neither a participant in AETNA's plan nor a beneficiary of AETNA's plan. Plaintiff's statutory cause of action for reimbursement for emergency medical services is therefore entirely independent of the terms of AETNA's plan.[6]

Since Plaintiff's claim does not fall within §1132(a), the claim may not be re-characterized as an ERISA claim under that section. No "complete preemption" therefore exists. Accordingly, on this basis alone there is no federal question jurisdiction and this case was improperly removed to federal court. *Kemp v. International Business Machines Corp., supra.*

---

[6] Since the case was improperly removed, the federal court has no subject matter jurisdiction and may not therefore decide whether Plaintiff's claim "relates to" an ERISA plan. The defense of ordinary ERISA preemption does not create federal question jurisdiction. *Kemp v. International Business Machines Corp.*, 109 F.3d at 714; *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1243 (11th Cir. 2001). Any defensive preemption arguments AETNA may raise will have to be decided, if at all, in state court. *Id.*

### Plaintiff's Standing

On this record, Defendant has not established that Plaintiff has standing to sue under ERISA. Plaintiff brought this action pursuant to Fla. Stat § 641.513 directly, not in a derivative capacity. Plaintiff does not rely on an assignment of benefits by Hayes and AETNA has not established that Plaintiff has derivative standing. Under the doctrine of complete preemption, a plaintiff must have standing to sue under an ERISA plan before a state law claim can be re-characterized as arising under federal law, subject to federal court jurisdiction. *Hobbs v. Blue Cross Blue Shield of Alabama* 276 F.3d at 1240 (citing *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d at 1211-12).

Two categories of individuals may sue for benefits under an ERISA plan, plan beneficiaries and plan participants. *Hobbs v. Blue Cross Blue Shield of Alabama,* 276 F.3d at 1241; 29 U.S.C. § 1132(a). Generally, healthcare providers are not considered "beneficiaries" or "participants" under ERISA and therefore lack independent standing to sue under ERISA, absent a written assignment of claims from a patient with standing to sue under ERISA as a "beneficiary" or "participant." *Id.* (citing *HCA Health Servs. Of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982 (11th Cir. 2001)); *Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997) (healthcare providers lack independent standing under ERISA).

In its response to Plaintiff's Motion to Remand, Defendant relies on the Affidavit of Renee Leister and a copy of an "electronic claim form" submitted to AETNA by Plaintiff. That form indicates that Hayes "authorized payment of member benefits by having a 'Signature on file' stamp indicated on the claim form." (Affidavit of Renee Leister Dkt. 10-2, ¶ 10). AETNA's reliance on the authorization referenced in the electronic claim form is misplaced, as Plaintiff's statutory cause of action exists without regard to whether Plaintiff received an assignment of benefits from Hayes.

That is precisely what the Florida Legislature intended in order to protect third party emergency room medical providers who are not participating members in a plan. *Merkle v. Health Options, Inc., supra.*

Regardless, AETNA has not produced a "written assignment" of claims by Hayes. Whatever the form relied on by AETNA purports to be, suffice it to say that it is not signed by Hayes and from this record, it cannot be determined whether an assignment by Hayes even exists. As the party seeking removal, AETNA has the burden of producing facts supporting the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Burns v. Windsor Ins. Co., supra* at 1094. AETNA has not carried its burden of proof. "Without proof of an assignment, the derivative standing doctrine does not apply." *Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d at 1242. Since Plaintiff has not been shown to have standing to sue under an ERISA plan, Plaintiff's state law claim cannot be re-characterized as arising under federal law, subject to federal court jurisdiction. Removal based on federal question jurisdiction was therefore improper.

### Attorney's Fees

Notwithstanding that this case was improperly removed, Plaintiff's Motion for Attorney's Fees (Dkt. 4) is denied. Defendant had an objectively reasonable basis for removal. When an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied"). There are no unusual circumstances present warranting an award of fees.

Upon consideration, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand (Dkt. 3) is GRANTED. This cause is remanded to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. Plaintiff's Motion for Attorney's Fees (Dkt. 4) is DENIED.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this case upon remand.

**DONE AND ORDERED** in chambers this 15th day of November, 2007.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Counsel of Record